UNITED STATES of America, Appellant,

v.

Jimmy Lee COX, Appellee.

No. 93–1380–CIV–T–25B.
Bankruptcy No. 91–05808–8P7.
Adv. No. 92–627.

United States District Court,
M.D. Florida,
Tampa Division.

April 7, 1995.

Douglas Frazier, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, Bruce T. Russell, U.S. Dept. of Justice, Tax Division, Washington, DC, for appellant.

Ronald Russell Bidwell, Tampa, FL, for appellee.

## ORDER

METZNER, Senior District Judge.

The United States appeals from an order of the bankruptcy court holding that the debtor's federal income tax liabilities were dischargeable and that any liens based on the liabilities were void.

11 U.S.C. 523(a)(1)(C) provides that a discharge does not discharge an individual debtor from any tax debt with respect to which the debtor "willfully attempted in any manner to evade or defeat such tax."

The finding of facts made by the court below showed that the debtor did not file any income tax returns for the years 1982 through 1987. The revenue officer assigned to investigate these delinquencies concluded that there was no evidence of fraudulent intent to evade taxes for the years in question. The Bankruptcy Court found no evidence of such intent.

The court below proceeded on the basis that the government had the burden of proving that the taxpayer acted with specific intent to evade a tax which is the criminal standard for fraud, I.R.C. § 7201.

The government contends however that Section 523(a)(1)(C) does not limit non-dischargeability of the tax liabilities to a showing of fraud. It argues that the court below erred when it equated "willful attempt to evade or defeat" with criminal fraud. It argues that the civil tax fraud standard should be applied and not the criminal tax fraud standard.

■ The criminal tax fraud standard requires (1) willfulness, (2) failure to pay the tax when due and (3) an affirmative act con-

stituting an evasion or attempted evasion of the tax. *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965).

■ The civil tax fraud standard requires only that the taxpayer voluntarily, consciously, or intentionally attempted to evade the tax. There is no requirement of an affirmative act.

■ I agree with the government's contention that the civil tax fraud standard should be applied. *In re Toti*, 24 F.3d 806 (6th Cir.1994); *In re Langlois*, 155 B.R. 818 (N.D.N.Y.1993); *In re Peterson*, 152 B.R. 329 (D.Wyo.1993); *In re Berzon*, 145 B.R. 247 (Bankr.N.D.Ill.1992).

The recent case of *Haas v. I.R.S.*, 48 F.3d 1153 (11th Cir.1995), has been called to my attention. As I read that case it holds that mere failure to pay taxes does not violate the wording of the statute. It does not dispute the standard of the statute which is the only determination made by this Court.

■ The determination of whether the tax liabilities of the debtor should be exempt from discharge raises a question of fact to be decided using the civil standard of fraud. This can best be achieved by the court which heard the testimony.

■ The tax liens were levied on the basis that the government believed that the debtor had an interest in the properties. The court below held that such was not the case. This finding is AFFIRMED.

The case is REMANDED to the court below for a determination of non-dischargeability and its judgment is AFFIRMED voiding the tax liens.

DONE AND ORDERED.