In re James M. WILLIAMS, Jr., and
Carroll Williams, Debtors.

UNITED STATES of America, Appellant,

v.

James M. WILLIAMS, Jr., and Carroll
Williams, Appellees.

No. 94–1093–Civ–T–21C.

Adv. No. 91–750.

United States District Court,
M.D. Florida,
Tampa Division.

June 9, 1995.

Bruce T. Russell, U.S. Dept. of Justice, Tax Div., Washington, DC, for appellant.

A. Paul Molle, Law Office of A. Paul Molle, Clearwater, FL, for appellees.

### MEMORANDUM OPINION

SCHLESINGER, District Judge.

Appellant, United States of America, through the Internal Revenue Service (the "Government") appeals from the Bankruptcy Court's Findings of Fact, Conclusions of Law and Memorandum Opinion dated January 31, 1994, and from the Final Judgment entered in favor of Debtor/Appellees, James M. Williams, Jr. and Carroll Williams. The Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

In the dispute that gave rise to this appeal, Debtors commenced an adversary proceeding in the Bankruptcy Court in which they sought a determination of the dischargeability of their federal income tax liabilities for the tax years 1980, 1981, 1983 and 1984. Debtors filed tax returns for each of these tax years and claimed deductions for certain investments in tax shelters. Subsequently, the Government disallowed those deductions. As a result of the disallowance, in 1990 and 1991, the Government assessed additional taxes against Debtors, including accrued interest and penalties for the tax years 1980, 1981, 1983 and 1984. It is these amounts which Debtors sought to have discharged in bankruptcy. The Government argued that the Debtors attempted to wilfully evade or defeat those taxes, thus rendering the tax liabilities non-dischargeable pursuant to 11 U.S.C. § 523(a)(1)(C). Following a final evi-

dentiary hearing, the Bankruptcy Court concluded that the Government did not prove a claim for non-dischargeability under Section 523(a)(1)(C) by a preponderance of the evidence.

■ The United States District Court functions as an appellate court in reviewing decisions of the bankruptcy court. *See In re Williamson,* 15 F.3d 1037, 1038 (11th Cir. 1994). Thus, while this Court reviews on a *de novo* basis the legal conclusions of the bankruptcy court, it must accept the bankruptcy court's findings of fact unless those findings are clearly erroneous. Rule 8013, Fed.R.Bankr.P. *See In re Goerg,* 930 F.2d 1563, 1566 (11th Cir.1991). "[D]ue regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." *See In re Chase & Sanborn Corp.,* 904 F.2d 588, 593 (11th Cir.1990). The issue before the Court—whether the Debtors wilfully attempted to evade payment of taxes—is a question of fact for the Bankruptcy Judge to determine from the totality of the record. *U.S. v. Uria,* 180 B.R. 688, 691 (S.D.Fla.1995). The Court will review the Bankruptcy Court's findings for clear error.

Appellant asserts that the Debtors' failure to pay the tax liabilities or set aside funds to do so, notwithstanding the fact that they were aware the taxes were due and owing and of their duty to pay the tax liabilities, amounts to wilful evasion under Section 523(a)(1)(C). The transcript of the final evidentiary hearing below makes the Appellant's position clear.

> MR. RUSSELL: Your Honor, the nondischargeability exception that applies is not the fraudulent return portion of 523(a)(1)(C) of the Bankruptcy Code, it is wilful attempt to evade the payment of the tax, which we believe the statute is to be read in the disjunctive and wilful attempt to evade.
>
> .　　.　　.　　.　　.
>
> And we also make particular reference to the fact that the statute refers to evasion or defeat of the tax in any manner. So that includes, in our opinion, the nonpayment. . . .
>
> .　　.　　.　　.　　.

> THE COURT: That's enough to declare something nondischargeable is taxpayer doesn't pay the tax? Is that what the law is?
>
> MR. RUSSELL: Yes. And we think that the willfulness element of the statute—
>
> THE COURT: No. Any taxpayer who owes money to the Government, that is a non-dischargeable debt, regardless how old the tax is; correct? You don't need any mental attitude, any intent or nothing. The fact that you didn't pay the tax, that's it? That's your position?
>
> MR. RUSSELL: The willfulness element, that's correct, is met by acknowledging that the taxpayer owes the tax.
>
> .　　.　　.　　.　　.
>
> He was conscious of it. He had the assets to pay it and he didn't pay it. That's what we think establishes willfulness. . . .

Transcript, pp. 7–9. No additional evidence other than the Debtors' failure to pay the taxes for the tax years in question was presented.

■ The recent Eleventh Circuit case of *In re Haas,* 48 F.3d 1153 (11th Cir.1995) resolves the issue to be decided here in favor of the Debtors. *Haas* teaches that a debtor's allocation of assets to liabilities other than taxes, even though the debtor is aware of the taxes due and owing, does not constitute wilful evasion. *Id.* at 1156. After conducting a thorough analysis of the meaning of Section 523(a)(1)(C), the Court in *Haas* held that a debtor's failure to pay his taxes, alone, does not fall within the scope of Section 523(a)(1)(C)'s exception to discharge in bankruptcy. *Id.* at 1158.

Having reviewed the briefs of the parties, the record on appeal and the applicable law, the Court concludes that the Bankruptcy Court's factual findings are not clearly erroneous. In addition, although decided before *In re Haas,* the Bankruptcy Court applied the correct law.

Accordingly, upon due consideration, the final judgment of the Bankruptcy Court is

AFFIRMED. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED.**