**In re Leroy Charles GRIFFITH, Debtor.**

**Leroy Charles GRIFFITH, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 94–0147–CIV.**
**Bankruptcy No. 93–0361–BKC–AJC–A.**

United States District Court,
S.D. Florida.

March 26, 1997.

Mark Stier, United States Department of Justice, Tax Division, Washington, DC, for appellee.

Robert L. Roth, Miami, FL, for appellant.

### ORDER AFFIRMING FINAL JUDG-MENT OF THE BANKRUPTCY COURT

NESBITT, District Judge.

THIS CAUSE came before the Court upon notification by Appellant, Leroy Charles Griffith, that the record, briefs, and a transcript of the oral argument may be relied upon for review of the merits of this appeal that was reassigned from the docket of deceased District Court Judge Sidney M. Aronovitz, in accordance with the Court's Order entered on February 21, 1997 and Administrative Order 97–03. Appellee, the United States of America, has not filed a response to the Court's Order.

The debtor appeals the bankruptcy court's Memorandum Decision and Judgment, determining that his federal income taxes for the years 1969–70, 1972–76, and 1978 are nondischargeable, pursuant to 11 U.S.C. § 523(a)(1)(C).

### ISSUES

I. Appellant raises a procedural issue, that the bankruptcy court erred by permitting the government to amend its Answer to assert a counterclaim under 11 U.S.C. § 523(a)(1)(C). Granting leave to amend the pleadings is reviewed by this Court under the standard of abuse of discretion. *Hargett v. Valley Fed. Sav. Bank,* 60 F.3d 754, 760 (11th Cir.1995).

II. Appellant's assertions of substantive errors contend that the bankruptcy court's Opinion is based on an erroneous statutory interpretation of 11 U.S.C. § 523(a)(1)(C), and that there is an inadequate basis for the findings of fact in favor of the government. Interpretation of the statutory provision is a question of law subject to *de novo* review. *Haas v. Internal Revenue Service,* 48 F.3d 1153, 1155 (11th Cir.1995). The bankruptcy court's factual determinations are reviewed under the "clearly erroneous" standard. *In re Goerg,* 930 F.2d 1563, 1566 (11th Cir.1991).

### FACTUAL AND PROCEDURAL BACKGROUND

Griffith filed his Chapter 7 bankruptcy petition on January 15, 1993. He filed a Complaint to determine the dischargeability of certain tax liabilities, asserting the provision of the Bankruptcy Code, 11 U.S.C. § 523(a), without further specification. The Answer filed by the United States was a general denial, also without reference to a specific statutory subsection. In a pretrial discovery

motion, filed on June 29, 1993, the government raised the issue of the debtor's attempt to evade or defeat his tax liabilities.

At trial on July 28, 1993, the parties stipulated that the tax liabilities met the requirements for discharge under the provisions of Sections 507(a)(7)(A)(i) and (ii) and 523(a)(1)(B)(ii). The debtor rested his case, and moved for judgment or a directed verdict. The bankruptcy court allowed the government to amend its Answer to assert a counterclaim for nondischargeability pursuant to Section 523(a)(1)(C). At that time, the bankruptcy court offered Griffith the opportunity to have the trial continued, which Griffith declined. Following the presentation of evidence on the Section 523(a)(1)(C) dischargeability issue, the bankruptcy court ruled in favor of the government. The bankruptcy court found that Griffith attempted to evade and defeat taxes by concealing and transferring his assets to reduce the assets subject to IRS execution in order to defraud the IRS.

The factual basis for analyzing Griffith's transfer of assets was considered by the bankruptcy court in reference to the "badges of fraud". Griffith owned corporations that operated adult theaters. Transactions in cash were a common practice in the operation of his businesses. Griffith transferred to himself and his wife, Linda, as tenants by the entirety, his stock in two of the corporations, Ell Gee and Gayety, and promissory notes in the amount of $390,000. He also transferred assets from another corporation, Showcase, to Linda's corporation, NuWave. The transfers, through an antenuptial agreement, were made on June 8, 1989, the day Griffith married Linda. They entered into this marriage after maintaining a relationship and living together for at least ten years. This marriage occurred after the Tax Court had ruled nine months earlier that Griffith under-reported his income for 1969–1970, 1972–1976 and 1978.

The Tax Court found that Griffith was the sole shareholder of the corporations for the years in question. Griffith owed taxes in the amount of $1,984,121.66. On September 28, 1989, the IRS made assessments against Griffith for these taxes, and Griffith claimed he had no way of paying the amount that was due.

## DISCUSSION

### I. *Amendment of Answer*

■ Griffith argues that at the time of trial, he had no indication that Defendant was relying on Section 523(a)(1)(C). After Plaintiff rested, the Answer was amended to allege that provision as the basis for the government's counterclaim. Factors for the exercise of discretion to allow an amendment of the pleadings are that: (1) the party has not unduly delayed; (2) the party is not acting in bad faith or with a dilatory motive; (3) the opposing party will not be unduly prejudiced; and (4) the amendment is not futile. *Foman v. Davis,* 371 U.S. 178, 182–83, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *In re Ambulatory Medical & Surgical Health Care, Inc.,* 187 B.R. 888, 900 (Bankr. W.D.Pa.1995). Taking these factors into account, and considering that the bankruptcy court offered to continue the trial to allow Griffith more time to respond to the counterclaim and for additional discovery, this Court finds no abuse of discretion by the bankruptcy court in permitting the government to amend its Answer.

The bankruptcy court applied Bankr.Rule 7013 to allow the assertion of the counterclaim. There was no prejudice to Griffith under these circumstances, based on his having declined the offer of a continuance of the trial.

### II. *Substantive Issues Pursuant to Section 523(a)(1)(C)*

The substantive issues concern the interpretation and application of Section 523(a)(1)(C), and whether the facts establish a basis to find the tax liabilities nondischargeable. Griffith relies on *In re Haas,* 48 F.3d 1153, 1158 (11th Cir.1995), to support his position that his liabilities should be discharged.

### STATUTORY INTERPRETATION

■ Section 523(a)(1)(C) provides, in part, that:

(a) A discharge under ... this title does not discharge an individual debtor from any debt

(1) for a tax ...

    (C) with respect to which the debtor made a fraudulent return or **willfully attempted in any manner to evade or defeat such tax.** (Emphasis added).

Visiting Bankruptcy Judge Erwin Katz presided over the trial and entered the Memorandum Opinion which is the subject of this appeal. Cases are cited by the bankruptcy court holding that nonpayment of federal taxes which the taxpayer knows are owed is a ground for denying dischargeability of those taxes. This liberal interpretation was rejected by *Haas,* which was decided after Bankruptcy Judge Katz considered the issues in Griffith's adversary proceeding.

In *Haas,* the Eleventh Circuit referred to the distinction between evading the assessment and the payment of taxes, and held that "a debtor's failure to pay his taxes, alone, does not fall within the scope of Section 523(a)(1)(C)'s exception to discharge in bankruptcy." 48 F.3d at 1158.

The bankruptcy court determined that Griffith carried out a plan through concealment and transfers of assets in order to defraud the IRS. The bankruptcy court found that Griffith's antenuptial agreement was not a mutual exchange, as his wife gave up nothing of value. Griffith's conduct in making the transfers had the natural consequence of failing to pay the taxes, and the bankruptcy court did refer to this as attempting to evade and defeat the payment of taxes. The bankruptcy court also based its decision on the plan carried out by Griffith, the surrounding circumstances and the evidence under the "badges of fraud".

*Haas* recognizes that "honest debtors may fail to pay their properly acknowledged taxes." *Id.* The Court in *Haas* makes reference to the bankruptcy court's decision in *Griffith* as being unpersuasive. In *Haas,* the government argued a very broad interpretation of Section 523(a)(1)(C), so that mere failure to pay the tax would constitute proof of evasion of tax debts. The Eleventh Circuit rejected

that reading of the statute, which would effectively make all tax debts nondischargeable. *Id.* at 1155–56. It is significant that the government has taken a much narrower approach in arguing this appeal than it had pursued in *Haas.*

The facts in *Haas* are distinguishable from Griffith's case, where Haas did not engage in dubious transfers of assets, but Griffith clearly has done so. *Id.* at 1154 n. 2. Griffith's situation does not reflect poor financial management, as in *In re Sonnenberg,* 148 B.R. 35 (Bankr.N.D.Ill.1992), cited in *Haas* at 1156 n. 4.

Griffith's transfer of assets constitutes more than mere nonpayment. The bankruptcy court's analysis includes Griffith's conduct of evading payment as part of the totality of the circumstances to determine whether or not Griffith willfully attempted to evade or defeat taxes. *See Dalton v. I.R.S.,* 77 F.3d 1297, 1301 (10th Cir.1996); *Commissioner v. Peterson,* 152 B.R. 329, 335 (D.Wyo. 1993). This Court concludes that the factual findings of Griffith's intentional plan involved more than allocating his assets to liabilities other than taxes. *See In re Williams,* 186 B.R. 521, 522 (M.D.Fla.1995) (applying *Haas* ). Griffith's conduct is in contrast to innocuous behavior such as merely using income to pay debts other than his tax liability. The debtor's transfer of assets to his wife through the antenuptial agreement is more aptly described as lacking in substance and based on a fraudulent intent.

### *EVIDENTIARY BASIS FOR FINDINGS*

Griffith also contends that the evidence does not support a finding that the government met its burden of proof of a willful attempt to evade taxes. Appellant asserts the lack of "badges of fraud," and the specific finding of the Tax Court that the payment of personal expenses by Griffith's corporations was not fraudulent. Additional facts set forth by Griffith are that he made settlement offers, filed tax returns, was willing to obtain third-party funding, did not use a shell corporation to avoid government detection, and harbored no evil motive in transferring his corporate stock. Appellant would have this Court conclude that the bankruptcy court

erred in determining nondischargeability because Griffith's conduct was merely that he did not pay the taxes.

 The types of conduct from which a willful attempt to defeat or evade taxes may be inferred may include any conduct the likely effect of which would be to mislead or conceal. *See Spies v. United States,* 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943). The bankruptcy court found that Griffith conducted his financial affairs through "corporate legerdemain," evaded his personal obligations through a pattern of personal-corporate commingling of funds, made transfers for inadequate consideration, with a state of mind to willfully evade and defeat his tax obligations, and that Griffith lacked credibility as a witness.

 The nature of this analysis is factual, determined from the totality of the record. *See Williams,* 186 B.R. at 522. The bankruptcy court's findings concerning Griffith's conduct of transferring assets and his intent are not clearly erroneous, and the conclusion drawn from those facts is not an error of law, pursuant to the standard in *Haas,* that Griffith's tax debts are not dischargeable.

## CONCLUSION

Upon a thorough review of the record, the briefs, transcript and argument presented by the parties, this Court finds that: (1) the bankruptcy court did not abuse its discretion by permitting the government to amend its Answer; (2) the factual findings of the bankruptcy court are not clearly erroneous; and (3) the bankruptcy court's analysis of the facts demonstrates that Griffith engaged in a fraudulent plan to evade or defeat taxes.

Griffith did not **merely** fail to pay his taxes, alone, and, therefore, his taxes are nondischargeable, consistent with the analysis of *Haas,* which is binding authority on this Court. For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Memorandum opinion and Judgment of nondischargeability of taxes owed by Leroy Charles Griffith, entered by the bankruptcy court on December 9, 1993, is **AFFIRMED.**