In re Karl HUBER, Debtor.

Karl HUBER, Plaintiff,

v.

INTERNAL REVENUE SERVICE,
United States of America,
Defendant.

Bankruptcy No. 96–04253–6J7.
Adversary No. 96–338.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

June 3, 1997.

Mark S. Peters, Cocoa, FL, for Plaintiff.

Bruce T. Russell, Washington, DC, for Defendant.

George E. Mills, Jr., Orlando, FL, trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF'S PETITION TO DETERMINE DISCHARGEABILITY

KAREN S. JENNEMANN, Bankruptcy Judge.

This adversary proceeding came on for hearing on March 27, 1997, on the Petition to Determine Dischargeability (the "Petition") filed by the debtor, Karl Huber (the "Plaintiff"). The Plaintiff claims that the taxes arid penalties assessed against him by the Internal Revenue Service of the United States of America (the "Defendant") are dischargeable pursuant to Section 523(a)(1) of the Bankruptcy Code. After reviewing the pleadings and considering the arguments of the parties and the applicable law, a final judgment is entered in favor of the Plaintiff.

*Background.* The Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 2, 1996. Prior to filing his bankruptcy petition, the Plaintiff was one of three shareholders in a corporation called Fat Tech of Broward, Inc. ("Fat Tech"), a precision machine shop that serviced space coast industries. The Plaintiff, who is a white male, owned one-third of the shares of stock, and the other two-thirds were owned by women, so that when it was founded in 1989, the business would qualify as a minority-owned company and receive the benefits of such an entity.

In 1992, prior to the receipt of his 1991 tax return from his accountant, the Plaintiff transferred ownership of his stock in Fat Tech to his wife. (Plaintiff's Exhibit No. 3) His wife was never involved in day to day operations although she was a one-third shareholder. At the time of the transfer, the Plaintiff testified that the stock had only a negligible value and that he transferred the stock in order for Fat Tech to maintain its minority status, not to avoid tax liability. Specifically, the original owners were involved in an ownership dispute and one of the women shareholders was removed.

In July, 1992, the Plaintiff received his 1991 tax return from his accountant which reflected an unexpected tax liability of $86,067 due to the realization of capital gain

taxes (Defendant's Exhibit No. 11). The Plaintiff had assumed that he owed the IRS between $20,000 and $30,000, and, according to his testimony, was shocked at the substantially higher liability. The Plaintiff filed his 1991 federal tax return in March, 1993, but he has not paid the taxes due (Defendant's Exhibit No. 11). Since filing the return, the Plaintiff has maintained constant contact with the IRS through his attorney in an attempt to negotiate a payment arrangement. He has provided the Defendant with all requested information, and he has not transferred or hidden any assets since he learned of the tax liability in July, 1991.

The Defendant charges that the Plaintiff willfully attempted to evade payment of his taxes by hiding his assets. This is evidenced by the fact that the Plaintiff and his wife filed individual tax returns for 1991 instead of a joint return. Prior to 1991, the Plaintiff and his wife had always filed a joint return. The Defendant also charges that the Plaintiff transferred ownership of the stock in Fat Tech to his wife in order to hide those assets and not only, as the Plaintiff contends, to maintain minority ownership in the company.

■ *Law.* Under the Bankruptcy Code, a tax debt is non-dischargeable if "the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax". 11 U.S.C. § 523(a)(1)(C) (1997). This section is intended to except from discharge taxes as to which a debtor made a fraudulent return or taxes which the debtor attempted in any manner to willfully evade or defeat. 4 Lawrence P. King et al; Collier on Bankruptcy ¶ 523.07[4] (15th ed.1996). The purpose is to prevent the use of the Bankruptcy Code as a way to avoid tax liability. *Id.* The date of the taxable year in which the alleged fraud occurred is immaterial. *Id.*

■ The issue of willful evasion is a question of fact that is to be determined by the bankruptcy court from the totality of the record. *United States v. Williams (In re Williams )*, 186 B.R. 521, 522 (M.D.Fla.1995). This question should be decided using the civil standard of fraud under which a showing of evil motive or sinister purpose is not required. *Burgess v. United States (In re Burgess )* 199 B.R. 201, 206 (Bankr.N.D.Ala. 1996), *quoting, Berkery v. Commissioner, IRS ,* 192 B.R. 835, 841 (E.D.Pa.1996); *United States v. Cox,* 189 B.R. 214, 216 (M.D.Fla. 1995). The court must examine the intent of the debtor, and whether the debtor acted in knowing violation of a legal duty to willfully evade or defeat the payment of taxes. *Zimmerman v. United States (In re Zimmerman )*, 204 B.R. 84, 87–88 (Bankr.M.D.Fla. 1996). The type of willfulness required under § 523(a)(1)(C) is not the result of inadvertence, carelessness or honest misunderstanding. *Id.* at 88.

■ The Eleventh Circuit recently has ruled that a debtor who intentionally fails to pay taxes due after properly filing a timely return is entitled to a discharge of that tax debt. *Haas v. IRS (In re Haas )*, 48 F.3d 1153 (11th Cir.1995). The failure to pay taxes, without more, does not except a debtor from discharge. *Id.* at 1156. There is a distinction between evasion of a tax and payment of a tax, and Congress has on previous occasions shown that it knows the difference between the two. *Id.* Even if the debtor is aware of the taxes due and owing and allocates his or her money to something else other than the payment of taxes, the taxes due and owing are not excepted from discharge pursuant to § 523(a)(1)(C). *Williams,* 186 B.R. at 522.

■ Because simple nonpayment of a tax does not justify a finding on nondischargeability, the Defendant instead must illustrate willful evasion as required under § 523(a)(1)(C) through circumstantial factors of fraudulent activity such as the following badges of fraud:

1) The recurrence of the understatement of income for more than one tax year;

2) The understatement of income;

3) Implausible or inconsistent explanations of behavior;

4) Inadequate records;

5) Transfer of assets to a family member;

6) Transfer for inadequate consideration;

7) Transfer that greatly reduced assets subject to IRS execution;

8) Transfers made in the face of serious financial difficulties.

*Zimmerman,* 204 B.R. at 88.

■ *Analysis.* In this case, there is no allegation the Plaintiff failed to file a tax return or filed a fraudulent return. In fact, the Plaintiff has supplied all requested information to the Defendant since he filed his tax return in March, 1993. However, the Defendant suggests that the Plaintiff attempted to evade or defeat the tax by transferring ownership of stock in Fat Tech to a family member, his wife, for no consideration prior to filing his 1991 return. The Defendant's position is not plausible. First, when the transfer occurred, the Plaintiff honestly believed the stock had a negligible value. The Plaintiff credibly testified that he transferred the stock to maintain minority ownership status for the company. He did not believe that he was reducing assets subject to the claims of his creditors but was instead trying to save the business. Although one may question the propriety of the reason for the transfer, the Plaintiff's motive does not indicate a wilful intent to evade or defeat his 1991 federal tax liability and has no bearing on the dischargeability of the Plaintiff's tax debt pursuant to § 523(a)(1)(C).

Second, at the time of the transfer, the Plaintiff did not know the extent of his tax obligations for 1991. The transfer of the stock occurred before the Plaintiff had received or had a copy of his proposed tax return for 1991. The Plaintiff credibly testified that he did not anticipate the amount of the liability and was very surprised. In this case, the Plaintiff's action in transferring the stock in Fat Tech to his wife does not constitute the willful attempt to evade or defeat the payment of a tax. The Defendant offered no other evidence of any alleged misconduct.

The Plaintiff simply has failed to pay the tax after properly filing his 1991 return. The Eleventh Circuit's ruling in *Haas* is clear: § 523(a)(1)(C) is about the willful evasion of tax obligations and not simply failure to pay. Accordingly, the Plaintiff has proven that the Plaintiff's tax debt attributable to the 1991 taxable is dischargeable pursuant to Section 523(a)(1) of the Bankruptcy Code. A separate judgment in favor of the Plaintiff and against the Defendant shall be entered in accordance with these findings and conclusions of law.