In re Dale ROPER.

Dale Roper, Plaintiff,

v.

Dick Barclay, Director, State of Arkansas, Department of Finance and Administration, Defendant.

Bankruptcy No. 01–40616S.
Adversary No. 01–4036.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Sept. 13, 2001.

Richard Ramsay, Grobmyer Ramsay & Ross, Little Rock, AR, Chapter 7 Trustee,

David Kaufman, Office of Revenue Legal Counsel, Little Rock, AR.

Neil Deininger, Little Rock, AR.

## *ORDER*

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon several motions filed by the debtor, to wit:

1. The Motion for Summary Judgment, filed on August 14, 2001;

2. The Motion for Protective Order, filed on August 28, 2001;

3. The Motion to Strike Answer, filed on August 28, 2001; and

4. Request for Hearing, filed on August 28, 2001.

The defendant has responded to each of the motions.

This adversary proceeding was commenced on April 11, 2001, upon the debtor's complaint to determine the dischargeability of his 1996 income tax obligations owing to the State of Arkansas. The complaint asserts that the obligations are dischargeable in this chapter 7 case because

the taxes were assessed more than 240 days prior to the filing of the chapter 7 case and the tax return was due more than 3 years before the filing of the chapter 7 case. 11 U.S.C. §§ 523(a)(1), 507(a)(8). In addition, the debtor seeks to void the state's lien in its entirety because, the debtor asserts, the values of the assets are insufficient to render the state, in a second lien priority position to the IRS, in any measure secured. The state filed its answer which denied the allegations of the complaint, and, with regard to the dischargeability issue, asserted only the conclusion that the obligations were excepted from discharge under section 523(a)(1)(C).

In accord with its usual procedure, on May 22, 2001, the Court issued a Preliminary Pretrial Order which directed the parties to state, among numerous other requirements, the theory of their respective positions in the case, the facts in support of their positions, and their requirements for discovery. The parties timely submitted their statements, each setting out statements of law and fact. Thereafter, on June 21, 2001, the Court issued its Pretrial Order which established, among other matters, specific deadlines for discovery. Under that Order, discovery was to be completed by September 21, 2001. This period was extended, upon the state's motion, to October 31, 2001. In keeping with the Court's scheduling Order, the state served interrogatories and other discovery on August 14, 2001. The debtor did not respond to the discovery but, instead, filed a motion for summary judgment and a motion for protective order.

*The Motion for Summary Judgment*

■ The debtor seeks summary judgment on both issues raised in the complaint: that the 1996 income tax obligation is dischargeable and that the value of the state's lien is zero such that the lien may be avoided in its entirety. The state does not dispute that the statutory time requirements for dischargeability are met. Rather, the state asserts that the debtor willfully evaded payment of the obligation so that the taxes are not dischargeable. In addition, the state calls into question the veracity or completeness of the debtor's bankruptcy schedules with specific queries so that, at a minimum, it is entitled to discovery regarding the debtor's assets and liabilities.

The Court believes that the state has met its burden in responding to the motion for summary judgment. While the Court agrees with the debtor that the state's burden of proof on an assertion that the obligation is nondischargeable under section 523(a)(1)(C) may not be met solely by the fact that the debtor waited 240 days after assessment to file the chapter 7 case, the state points to additional factors from which it can make its assertion that the debtor willfully evaded payment of the tax obligation. The Court has reviewed the Answer, the state's pretrial statement, and its response to debtor's motion for summary judgment and believes that sufficient disputed facts have been presented so that summary judgment is not appropriate.

*Motion To Strike Answer*

■ The debtor asserts that the state has failed to plead fraud with sufficient particularity pursuant to Rule 9(b) so that the answer should be stricken and default entered. Pursuant to Rule 9(b), applicable to this proceeding pursuant to Rule 7009, any party averring fraud must state the circumstances with particularity. In this instance, although the debtor commenced the adversary proceeding, and, thus, has the burden of demonstrating that the tax obligation falls within the time parameters of 11 U.S.C. § 523(a)(1)(A), (B), it is the state creditor who objects to the dischargeability of the obligation and raises the specter of debtor fraud under 11

U.S.C. § 523(a)(1)(C). It is well settled that the creditor has the burden of demonstrating by a preponderance of the evidence that a debt is nondischargeable. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Thus, is the state's burden, as the party opposing dischargeability, to demonstrate that the debtor willfully evaded payment of the tax obligation. *Cox v. United States (In re Cox)*, 156 B.R. 323 (Bankr.M.D.Fla.1993), *aff'd*, 189 B.R. 214 (M.D.Fla.1995); *Boch v. United States (In re Boch)*, 154 B.R. 647 (Bankr.M.D.Pa.1993). Moreover, as the party raising an issue which is essentially one of fraud, and objecting to dischargeability on that basis, the state's is required to plead the basis for its assertion that the debtor willfully evaded the tax obligation with specificity. Its general statement that the obligation is nondischargeable pursuant to section 523(a)(1)(C) does not comply with that requirement.

■ That is not to say, however, that the Court is required to dismiss the answer with prejudice and enter default. Rather, a review of the Court file, including the state's pretrial statement and response to summary judgment, indicate that the state has, at a minimum, some basis for asserting its position. Accordingly, the Court deems it appropriate that the state be given an opportunity to amend its answer to plead its allegations under section 523(a)(1)(C) with greater particularity.

*The Motion for Protective Order*

■ In response to the state's discovery requests, the debtor filed a motion for summary judgment and a motion for protective order. The motion for a protective order does not object to any particular request for information but asserts that compliance will not be required if the Court grants his motion for summary judgment, and that the state has failed to comply with Rule 7026. Specifically, the state has failed to make any initial disclosures as required by Rule 26(a), Federal Rules of Civil Procedure, has failed to meet and confer as required by Rule 26(f), and served discovery requests prior to entry of a scheduling order, Rule 26(d). In addition to the request for a protective order regarding discovery in this adversary proceeding, the debtor also requests that the Court stay all requests by the state in its ongoing audit of the debtor's state income tax returns for various years, including the 1996 year at issue in this proceeding.[1]

Rule 7026 incorporates the provisions of Rule 26, Federal Rules of Civil Procedure, which requires parties to make initial disclosures of information, requires the parties to meet and confer to discuss settlement, the theories of their respective claims and defenses, to arrange for the disclosures required by subdivision (a)(1) and to develop a discovery plan, and also prohibits the parties from serving discovery until the parties have met and conferred.[2] Fed.R.Civ.P. 26(a), (d), (f). Ap-

---

1. The Court does not believe it has jurisdiction to issue such a stay. In any event, if jurisdiction exists, the debtor is seeking a separate injunction against the state regarding its audit function which is more properly brought as a separate adversary proceeding.

2. Rule 26 creates numerous difficulties in the bankruptcy context. While the rule is helpful in large adversary proceedings such as these, it is virtually unworkable in many contexts.

For example, Rule 26 is also applicable in contested matters, Fed. R. Bankr.P. 9014, including motions for relief from stay. However, motions for relief from stay are required to be heard within thirty days of their filing so that there is insufficient time for a party to comply with the requirements of Rule 26. Further, in contested matters, although Rule 26 is applicable, Rule 16, governing the scheduling order, is not. Thus, in a contested matter, the discovery Rule 26 which is appli-

parently, the state has not complied with these requirements. The Court does not believe that this is a basis for a protective order, in this situation, however, because, although Rule 7026(d) operated to preclude serving discovery, the state was, at the same time, confronted with a Court ordered limitation on the time by which it was required to complete discovery. Moreover, the parties could read the pretrial order as permission, or, indeed, a directive, to conduct discovery outside the time limits of Rule 26(d) because that rule limits service of discovery *"except when authorized ... by ... order."* (Emphasis added.)

Inasmuch as the Court will deny the motion for summary judgment, the defendant is entitled to serve and receive responses to its discovery requests. It is, however, under an obligation to comply with Rule 26(a)(1) and expects that it will do so in a timely fashion, without the necessity of Court Order.

**ORDERED** as follows:

1. The Motion for Summary Judgment, filed on August 14, 2001, is Denied.

2. The Motion for Protective Order, filed on August 28, 2001, is Denied. The debtor shall respond to the discovery requests within twenty (20) days of entry of this Order.

3. The Motion to Strike Answer, filed on August 28, 2001, is granted in part and denied in part. The portion of the answer objecting to dischargeability of the tax obligation for the 1996 taxable year is stricken, without prejudice to the filing of an amended answer which alleges the facts and circumstances of the willful evasion of payment of the taxes, or other basis for nondischargeability under section 523(a)(1)(C) with greater particularity, pursuant to Fed.R.Civ.P. 9(b). The amended answer shall be filed within twenty (20) days of entry of this Order.

4. Request for Hearing, filed on August 28, 2001, is Denied.

5. The deadline for discovery is hereby extended to November 30, 2001.

6. Inasmuch as the Court has issued its pretrial order which governs exchange of witness and exhibit information, the parties are excused from compliance with Rule 7026(a)(3). The date by which the parties are to exchange exhibit and witness information, as detailed in the Pretrial Order filed on June 21, 2001, is extended to December 21, 2001.

**IT IS SO ORDERED.**

---

cable, references and requires compliance with a rule which is not applicable. Complications also arise in adversary proceedings because often they are not only set for trial, they are actually heard within a short period of time after the filing of the complaint. The requirements of Rule 26 contemplate a longer period of litigation than actually takes place in the bankruptcy context and, thus, are often too burdensome and cumbersome in most contested matters and, indeed, in many adversary proceedings. It is, thus, not surprising that attorneys whose practice is largely confined to the bankruptcy court have paid scant attention to the requirements of Rule 7026—they simply *do not come into play* in the vast majority of bankruptcy cases and proceedings. That is not to say that the parties, or the Court, for that matter, are entitled to ignore the rules. Rather, some accommodation within the rules, Local Rules, court orders, and practice is necessary to comply with *the civil rules yet conduct the speedy litigation* and crowded trial calendars that are unique to bankruptcy in the federal system.